McGREGOR W. SCOTT
United States Attorney
AMANDA BECK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-244 MCE |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| OU VERN SAETEURN, | DATE: January 24, 2019 |
| Defendant. | TIME: 10 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 24, 2019.

2. By this stipulation, defendant now moves to continue the status conference until March 14, 2019, and to exclude time between January 24, 2019, and March 14, 2019, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes 407 Bates stamped items, including audio recordings, reports, and photographs. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) The government expects to produce additional discovery shortly.

c) The government recently filed a notice of related cases as to this matter (ECF Entry 20) and a separate matter against the defendant's brother, A Vern Saeteurn, who is named in *United States v. A Vern Saeteurn* (2:18-cr-212 TLN).

d) Counsel for defendant desires additional time to consult with his client, to review the current charges, and to conduct investigation and research related to them.

e) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f) The government does not object to the continuance.

g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 24, 2019 to March 14, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

//

//

//

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

c) The government recently filed a notice of related cases as to this matter (ECF Entry 20) and a separate matter against the defendant's brother, A Vern Saeteurn, who is named in *United States v. A Vern Saeteurn* (2:18-cr-212 TLN).

d) Counsel for defendant desires additional time to consult with his client, to review the current charges, and to conduct investigation and research related to them.

e) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f) The government does not object to the continuance.

g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 24, 2019 to March 14, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

//

//

//

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 22, 2019

McGREGOR W. SCOTT
United States Attorney

/s/ AMANDA BECK
AMANDA BECK
Assistant United States Attorney

Dated: January 22, 2019

/s/ TODD LERAS
TODD LERAS
Counsel for Defendant
Ou VERN SAETEURN

**ORDER**

IT IS SO ORDERED.

Dated: January 23, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE