UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:18-cr-00212-TLN |
|---|---|
| Plaintiff, | **ORDER RELATING CASES** |
| v. | |
| A VERN SAETEURN, | |
| Defendant. | |

| UNITED STATES OF AMERICA, | No. 2:18-cr-00244-MCE |
|---|---|
| Plaintiff, | |
| v. | |
| OU VERN SAETEURN, | |
| Defendant. | |

This matter is before the Court on the Notice of Related Cases filed by the United States on January 16, 2019. (ECF No. 15.) No response to the notice has been filed by Defendant A Vern Saeteurn or by Defendant Ou Vern Saeteurn (hereafter, "Defendants"). For the reasons set forth below, the Court ORDERS that the above captioned cases be related and that case number 2:18-cr-00244-MCE be reassigned pursuant to Rule 123(c) of the Local Rules of the United States District Court for the Eastern District of California (hereafter, "Local Rules").

1

## I. Factual and Procedural Background

On September 6, 2018, government agents executed a warrant to search the Sacramento residence located at 15 Rio Camino Court for evidence and instrumentalities of criminal activity relating to narcotics distribution. (No. 2:18-cr-00212-TLN, ECF No. 1 ¶ 8.) The application for this search warrant was sworn out by Federal Bureau of Investigation Special Agent David Sieber on August 29, 2018, and set forth numerous facts relating to the conduct of A Vern Saeteurn and his brother Ou Vern Saeteurn. (No. 2:18-sw-00739-KJN, ECF No. 1 ¶¶ 4, 11–84.) Agents believed that 15 Rio Camino Court was occupied at the time by A Vern Saeteurn, and did in fact encounter A Vern Saeteurn and his family in the residence when they executed the search warrant. (No. 2:18-cr-00212-TLN, ECF No. 1 ¶ 9.) The government indicted A Vern Saeteurn on October 25, 2018, on one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); one count of possession with intent to distribute methamphetamine on premises where children are present and reside, in violation of 21 U.S.C. § 860a; and one count of possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). (No. 2:18-cr-00212-TLN, ECF No. 10.)

Also on September 6, 2018, agents executed a warrant to search the Sacramento residence located at 3650 18th Avenue for evidence and instrumentalities of criminal activity relating to narcotics distribution. (No. 2:18-cr-00244-MCE, ECF No. 1 ¶ 8.) The application for this search warrant was also sworn out by Agent Sieber on August 29, 2018, and set forth essentially the same facts relating to Ou Vern Saeteurn as the application Agent Sieber swore out against A Vern Saeteurn. (No. 2:18-sw-00740-KJN, ECF No. 1 ¶¶ 4, 11–84.) Agents believed that 3650 18th Avenue was occupied at the time by Ou Vern Saeteurn, and did in fact encounter Ou Vern Saeteurn in the residence when they executed the search warrant. (No. 2:18-cr-00244-MCE, ECF No. 1 ¶ 9.) While on the premises, agents located cocaine and currency inside a safe in Ou Vern Saeteurn's bedroom. (No. 2:18-cr-00244-MCE, ECF No. 1 ¶ 11.) Separately, A Vern Saeteurn admitted to law enforcement agents that the contents of this safe belonged to him, even though they had been located in his brother Ou Vern Saeteurn's residence. (No. 2:18-cr-00244-MCE, ECF No. 1 ¶ 11.) Agents also developed independent evidence that A Vern Saeteurn kept his

drug supply at 3650 18th Avenue, even though his brother Ou Vern Saeteurn was the one who resided there. (No. 2:18-sw-00739-KJN, ECF No. 1 ¶ 84p.)

On December 6, 2018, the government indicted Ou Vern Saeteurn on one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (No. 2:18-cr-00244-MCE, ECF No. 15.)

## II. STANDARD OF LAW

Pursuant to Local Rule 123, two actions are related when they involve the same parties and are based on a same or similar claim; when they involve the same transaction, property, or event; or when they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a)(1)–(3). Actions are also related where, "for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges." L.R. 123(a)(4). Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

## III. ANALYSIS

The Court finds the two above captioned cases involve similar questions of fact and the same questions of law such that relating the two cases would result in a substantial savings of judicial effort. L.R. 123(a)(3).

### A. Similar Questions of Fact and Law

The above captioned cases involve "similar questions of fact" because the probable cause underlying the issuance of warrants to search 15 Rio Camino Court and 3650 18th Street was based on essentially the same set of facts. L.R. 123(a)(3); (*compare* No. 2:18-sw-00739-KJN, ECF No. 1 ¶¶ 11–84, *with* No. 2:18-sw-00740-KJN, ECF No. 1 ¶¶ 11–84). The evidence derived

from these searches provided ample probable cause for the issuance of separate criminal complaints against Defendants. (No. 2:18-cr-00212-TLN, ECF No. 1; No. 2:18-cr-00244-MCE, ECF No. 1.) Accordingly, though it is true that the criminal complaints are based upon distinct statements of probable cause, the charges against Defendants nevertheless satisfy Local Rule 123 because they stem from the same fact pattern set forth in the initial warrant applications sworn out by Agent Sieber. (*See* No. 2:18-sw-00739-KJN, ECF No. 1 ¶¶ 11–84; No. 2:18-sw-00740-KJN, ECF No. 1 ¶¶ 11–84).

Furthermore, the above captioned cases involve the "same question of law" because Defendants are both charged with violating 21 U.S.C. § 841(a)(1). L.R. 123(a)(3); (*see* 2:18-cr-00212-TLN, ECF No. 10; No. 2:18-cr-00244-MCE, ECF No. 15). And while it is true that A Vern Saeteurn is also charged with violating sections of the criminal code that Ou Vern Saeteurn is not charged with violating (and vice versa), both Defendants' unique charges involve drug and firearm offenses. (*See* 2:18-cr-00212-TLN, ECF No. 10; No. 2:18-cr-00244-MCE, ECF No. 15.) Accordingly, the Court finds there is sufficient overlap between the questions of law in both Defendants' cases to merit relating them.

### B. Judicial Economy

The Court finds that relating the above captioned cases would result in a significant savings of judicial effort. Given that the charges in these two cases stem from the same investigation and involve essentially the same factual predicate for probable cause, relating the cases will likely result in savings of judicial time and resources spent deciding any motions or other issues that arise. *See* L.R. 123(a)(3).

Additionally, it would "entail substantial duplication of labor if the actions were heard by different Judges." L.R. 123(a)(4). It would be an unnecessary and unwise expenditure of resources in this overburdened judicial district for two different judges to familiarize themselves with one common set of facts, simply because Defendants in this case were not charged in the same indictment.

### IV. CONCLUSION AND DISPOSITION

For the foregoing reasons, the Court finds that case number 2:18-cr-00212-TLN and case

number 2:18-cr-00244-MCE are related within the meaning of Local Rule 123(a).

Because this Court is currently assigned the lower case number, it will exercise its authority pursuant to Local Rule 123(c) and ORDER that case number 2:18-cr-00244-MCE be reassigned to this Court.

IT IS SO ORDERED.

Dated: February 28, 2019

_____
Troy L. Nunley
United States District Judge

5